UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| PHILLIP DOUGLAS SEALS, | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | No.: 3:14-CV-208-PLR-HBG |
| | ) | |
| DEBRA JOHNSON, Warden, | ) | |
| | ) | |
| *Respondent*. | ) | |

## **MEMORANDUM OPINION**

This is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, brought by Tennessee inmate, Phillip Douglas Seals ("Petitioner"). Petitioner challenges his 2006 Anderson County, Tennessee conviction by a jury for two counts of premeditated first degree murder, and two counts of felony murder (the trial court merged Petitioner's felony murder convictions into the two convictions for premeditated first degree murder) [Doc. 1]. For these offenses, Petitioner received concurrent life sentences.

Respondent has filed a motion to dismiss the petition in which she argues that the petition is time-barred under § 2244(d)(1) [Doc. 6]. In support of her motion, Respondent has submitted a brief and the state court record. Petitioner has responded to Respondent's motion, seemingly arguing that he is entitled to equitable tolling because he was delayed from receiving relevant documents from his trial counsel, and he has diligently pursued his rights as is evidenced by his eleven-claim habeas petition [Doc. 7].

For the reasons explained below, Respondent's motion will be **GRANTED** and Petitioner's petition will be **DISMISSED** as time-barred.

## I. PROCEDURAL HISTORY

On January 9, 2009, Petitioner's convictions were affirmed on direct appeal by the Tennessee Court of Criminal Appeals ("TCCA"). *State v. Seals*, No. E2007-02332-CCA-R3-CD, 2009 WL 55914 (Tenn. Crim. App. Jan. 9, 2009). On May 26, 2009, the Tennessee Supreme Court denied Petitioner's application for permission to appeal. *Id.* at *1. Petitioner did not file a petition for writ of certiorari to the United States Supreme Court.

Petitioner next challenged his conviction under the Tennessee Post-Conviction Procedure Act. Petitioner's post-conviction petition was dismissed after a hearing, and the TCCA affirmed the post-conviction court's dismissal. *Seals v. State*, No. E2012-00702-CCA-R3-PC, 2013 WL 1187929 (Tenn. Crim. App. Mar. 21, 2013). The Tennessee Supreme Court denied Petitioner's application for permission to appeal on July 10, 2013. *Id.* at *1. Petitioner next filed this petition for federal habeas relief on May 21, 2014.

## II. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in 28 U.S.C. § 2241 *et. seq.*, imposes a statute of limitations to govern the filing of an application for a federal writ of habeas corpus. The limitations statute provides, in relevant part, that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to

2

>> the judgment of a State Court. The limitation period shall run from the latest of ---
>
> (A) The date on which the judgment became final by the conclusion of direct review . . .

28 U.S.C. § 2244(d)(1). However, the time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2).

Here, Petitioner pursued a direct appeal, including an application for permission to appeal to the Tennessee Supreme Court. As noted, the Tennessee Supreme Court denied the application on May 26, 2009. Ninety days later—i.e., August 24, 2009, when the time expired for Petitioner to seek review of the state court's decision in the United States Supreme Court, Petitioner's conviction became final and the AEDPA one-year clock began. *See Lawrence v. Florida*, 549 U.S. 327 (2007) (acknowledging that direct review under § 2244(d)(1)(A) includes review of a state conviction by the Supreme Court); *Clay v. United States*, 537 U.S. 522, 524 (2003) (finding that if no petition for certiorari is filed, the judgment becomes final upon expiration of the 90-day period for seeking certiorari review in the Supreme Court).

The AEDPA clock, triggered on August 24, 2009, was paused on June 3, 2010, when Petitioner filed his state post-conviction petition. Petitioner's AEDPA clock remained tolled until Petitioner's application for permission to appeal was denied by the Tennessee Supreme Court on July 10, 2013. At this time, 283 days had run on

Petitioner's one-year limit.[1] "The tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). As such, Petitioner had 82 days after July 10, 2013—i.e., until September 30, 2013, to file his federal habeas Petition. Petitioner did not file his petition until May 21, 2014, 233 days after the expiration of the AEDPA limitations period.[2] Therefore, since the § 2254 application was filed after the lapse of the statute of limitations in § 2244(d)(1)(A), it is untimely.

### III. EQUITABLE TOLLING

The one-year statute of limitations in AEDPA is not jurisdictional, and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Perkins v. McQuiggin*, 670 F.3d 665, 670 (6th Cir. 2012) (limitations statutes do not require courts to dismiss claims as soon as the "clock has run") (citations omitted). Whether the statute should be equitably tolled depends on whether a petitioner shows that: (1) he has been diligent in pursing his rights; and (2) some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The petitioner bears the burden of showing that he is entitled to equitable tolling. *Id*. The decision as to whether the statute of limitations should be equitably tolled must be made on a case-by-case basis. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

---

[1] Respondent erroneously calculates the elapsed time as 238 days, thus giving Petitioner 127 days after the AEDPA clock resumed. The Court uses the proper calculation here, but notes that regardless of which numbers are used, Petitioner's federal habeas petition was still filed after the one-year deadline.

[2] Petitioner placed his petition in the prison mail room on May 16, 2014. However, even under the prison mailbox rule, Petitioner's petition was still filed outside the applicable limitations period.

In his response to Respondent's motion to dismiss, Petitioner argues that he suffered delays and communication problems with his state court-appointed attorneys, and delays as a result of the state's deliberate efforts to deprive him of his constitutional rights [Doc. 7]. Particularly, Petitioner argues that he faced communication issues with his counsel pre-trial, during trial, and post-trial [Doc. 7]. He also argues that he was prejudiced by the state's delays during the pendency of his state post-conviction petition [Doc. 7]. Finally, Petitioner argues that he faced an uphill battle trying to get his records from his state court-appointed attorneys, and that he had still not received all his records at the time of filing his federal petition [Doc. 1, at p. 33].

Petitioner's arguments provide no basis for the application of equitable tolling. At the outset, Petitioner's allegations of shortcomings by his counsel and prejudice by the state do not explain his failure to file a timely federal habeas petition; rather, they concern the struggles he faced during the pendency of his state proceedings. Regardless, attorney misconduct can only form the basis of an extraordinary circumstance allowing equitable tolling where the attorney conduct is so egregious and fails to satisfy professional standards of care. *See Holland*, 560 U.S. at 679. Even further, despite Petitioner's claim that he was prejudiced by the failure to receive his state records, his filing this eleven-claim petition indicates otherwise.

Additionally, Petitioner cannot show that he diligently pursued his rights. "Under long-established principles, petitioner's lack of diligence precludes equity's operation." *Pace*, 544 U.S. at 419. While the diligence required for equitable tolling is not

5

"maximum feasible diligence" but, rather, reasonable diligence, *Holland*, 560 U.S. at 653, Petitioner has not shown reasonable diligence in pursuing his federal habeas rights. Petitioner does not argue that he did not know the status of his case, or that he did not know that his state post-conviction case had been completed. Rather, Petitioner merely argues that he pursued his case through the state system, which does not translate to reasonable diligence in pursuing his federal rights. Thus, the Court cannot find that Petitioner has carried his burden of showing his case is one of the exceptional ones where equitable tolling is justified.

## IV. CONCLUSION

For the reasons stated above, the Court will **GRANT** Respondent's motion to dismiss [Doc 6], and Petitioner's petition for a writ of habeas corpus [Doc. 1] will be **DISMISSED** as time-barred under 28 U.S.C. § 2244(d). The Court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right because jurists of reason would not disagree about the correctness of the Court's procedural ruling concerning the timeliness of the petition. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Therefore, the Court will also **DENY** issuance of a Certificate of Appealability. 28 U.S.C. § 2253.

ORDER ACCORDINGLY

_____
UNITED STATES DISTRICT JUDGE